Green, J.
delivered the opinion of the court.
By the act of 1820, ch. 9, it is declared that no indictment or presentment for an assault and battery shall be preferred or prosecuted after twelve months shall have expired, from the time the offence shall have been committed. After the enactment of the Penitentiary Code, in 1829, sec. 52, by which an assault with intent to commit murder in the first degree, -was made a penitentiary offence; it frequently happened that a party who was indicted for an assault with intent to commit murder, could not be convicted of that offence, and although he might have been guilty of an attrocious assault and battery, still he must be acquitted. The consequence was, that in addition to the costs of such prosecution, which the State was condemned to pay, it might often happen that the time limited by the act of 1820, within which an indictment for an assault and battery must be prefer-'ed would have elapsed, and so the party, although greatly guilty, would escape punishment. To remedy this evil, the act of 1832, ch. 22, was passed. It provides, that wherever a party may be indicted for an assault with intent to kill or commit other felony, it shall be lawful, in case the jury cannot find such person guilty of the felony, to find him guilty of an assault and battery, and judgment shall be pronounced as upon an indictment for such inferior offence. By this act an indictment for an assault and battery is included in an indictment for an assault with intent to commit murder in the first degree; and if the party be not guilty of the greater, but be guilty of the less offence,, judgment is to be pronounced as though the indictment bad been for the less offence only. This was the sole purpose of the legislature in the passage of this act. It never was intended that such a case should be excluded from the operation of the act of 1820. It is still an indictment for an assault and battery, and the words of the act of 1820 apply to it. *518 The intent too of the act of 1820 would be defeated, , and prosecutions icr assaults and batteries might be got up at any distance of time, provided a grand jury could be induced to find a bill for an assault with intent to kill. A temptation would be held out too, to prosecutors, to commit purjury, in order to get such indictment found, that thereby the statute of limitations may not operate.
I think, therefore, that as this conviction is for an assault and battery only, and as the indictment was found more than a year after the offence was committed, that conviction was erroneous, because the prosecution was barred by the act of 1820, ch. 9.
Peck, J.
delivered his opinion.
My first impressions were, that the act of 1820, limiting the time within which indictment for assaults and batteries shall be commenced, created no bar in the present case, and that judgment upon the finding could be given: but an examination further into the subject has convinced me that the opinion entertained was wrong.
The act of 1820 is a general law, not contravened by the act of 1832; even by implication there is no repealing clause in the latter act. Both acts have matter to operate upon, and each can well stand for itself. The circumstances alone, of describing the offence with aggravations in the indictment, when the facts found upon the traverse do not justify such description, ought not to be seized upon to oust the defendant of the benefit of a statute made for his protection.
Although the grand jury on the ex parte evidence offered by the State, made out a case prima facie good for the higher offence, still it was the privilege of the defendant to rebut that evidence, and show that the offence was one of a grade less aggravated, and that the lesser offence was one which by lapse of time was barred.
*519 In this construction I am now satisfied, the authorities bear me out, 6 Bacon, 373; Stat. Let. D. & L. 3; 10th Mad. 118; 2 Wash. R. 296.
Catron, J. concurred in the opinion.
Judgment reversed.